# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

ANTHONY LAIRD                                                        PLAINTIFF

vs.                                                 CIVIL ACTION NO.: 3:16-CV-392-HTW-LRA

UNITED STATES OF AMERICA                               DEFENDANT

## ORDER DENYING RECONSIDERATION

BEFORE THIS COURT is plaintiff's Motion to Reconsider **[Docket no. 17]**. By his motion, plaintiff asks this court to reconsider its previous order dismissing this lawsuit. [Docket no. 16]. Plaintiff makes his request under the authority of Rule 59 of the Federal Rules of Civil Procedure.

The United States Fifth Circuit Court of Appeals has repeatedly expressed the standard governing motions to reconsider under Rule 59[1] of the Federal Rules of Civil Procedure.

> A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co*., 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co*., 101 F.Supp.2d 463, 465 (E.D.La.2000)

*Templet v. HydroChem Inc*., 367 F.3d 473, 478–79 (5th Cir. 2004).

Plaintiff says this court erred, without citing to authority that this court has not already considered. Instead, Plaintiff rehashes his prior arguments and evidence. As the only new evidence that plaintiff "discovered", he introduces a redacted letter, which has a date almost a

---

[1] (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.
Fed. R. Civ. P. 59

year prior to the payment he tendered to the United States, which purportedly shows that plaintiff had accepted the proposed assessment of trust fund recovery penalty. The redacted letter does not contain any identifying information that would cause this court to consider changing its opinion. Furthermore, the redacted letter reflects an amount that it wholly different than the amount owed and eventually paid by plaintiff.[2]

This court is not persuaded by plaintiff's repeated arguments from his response to the government's motion to dismiss that this court has already heard, considered, and rejected. Furthermore, this court is vexed with the redacted letter that plaintiff has submitted in support of his motion. The redacted letter does not appear to reflect plaintiff's dealings with the I.R.S. and plaintiff has not submitted anything with which to authenticate the purported letter between the I.R.S. and plaintiff.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's Motion for Reconsideration [Docket no. 17] is hereby DENIED.**

**SO ORDERED AND ADJUDGED this the 18th day of September, 2018.**

          <u>**s/ HENRY T. WINGATE**</u>
          **UNITED STATES DISTRICT COURT JUDGE**

---

[2] The redacted letter shows that some unknown taxpayer owed and agreed to a Proposed Assessment of Trust Fund Recovery Penalty in the amount of $12,042.07 on February 25, 2014. [Docket no. 19-2].

The unredacted letter – sent by plaintiff to the I.R.S. – and Form 2751 dated January 29, 2015, indicates a payment of "$145,337.51 for the payment in full of the Trust Fund portion only of Laird Electric Co., Inc.", and a total debt owed of that same amount, $145,337.51. [Docket no. 19-1].